43 F.3d 1456
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Musheer HASAN, Plaintiff, Appellant,
v.
RED AND WHITE CAB COMPANY, Defendant, Appellee.
 No. 94-1741
 United States Court of Appeals,
First Circuit.
 Jan. 17, 1995.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge ]
 Musheer Hasan on brief pro se.
 Stephen M. Ouellette and Cianciulli & Ouellette on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Musheer Hasan appeals from the dismissal by the district court of his complaint. The court dismissed the action as frivolous under 28 U.S.C. Sec. 1915(d). Upon a review of the record and the briefs and filings of the parties, we agree with the court that the action lacked "an arguable basis" in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). In so doing, we emphasize that appellee Red & White Cab Co., as a private entity, cannot be sued for alleged constitutional violations under 42 U.S.C. Sec. 1983. See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974) (the fact that a business may be subject to state regulation is not enough to turn its actions into those of the state for purposes of a civil rights suit).
 
 
 2
 Further, under the Americans with Disabilities Act, a person such as appellant may not assert a cause of action for damages. The Act specifies that the remedies set forth in 42 U.S.C. Sec. 2000a-3(a) are the ones available for violations of the Act. See 42 U.S.C. Sec. 12188(a)(1). In turn, Sec. 2000a-3(a) provides for an action for "preventive relief," including requests for injunctions or temporary restraining orders. Damages are not a remedy under Sec. 2000a-3(a). Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968) (per curiam).
 
 
 3
 Finally, if the district court had no jurisdiction with respect to the federal claims, it appropriately refused to take jurisdiction of the state breach of contract and statutory claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 4
 Based on the foregoing, we affirm the judgment of the district court. Accordingly, appellant's pending motions are denied as moot.